RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 1 4 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 1 7 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RICKY R. FRANKLIN

    Plaintiff,

v.

HOLLIS COBB ASSOCIATES
INC., d./b./a/ Patient Accounts
Bureau,
    Defendants

§
§
§
§
§
§
§
§
§
§

Civil Action No:

**1:21-CV-2075**

## ORIGINAL COMPLAINT

1. Ricky R. Franklin, (referred to as "Plaintiff") bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of HOLLIS COBB ASSOCIATES INC., d./b./a/ Patient Accounts Bureau, and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiffs' privacy. The Defendant has violated the TCPA by contacting the Plaintiff on his cellular telephone via an " automated or prerecorded messages" as

defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

2.  Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

5. Defendant, HOLLIS COBB ASSOCIATES INC., (hereinafter, "HCA") is a Georgia  Corporation located at 3175 Satellite Blvd, Suite 400, Duluth, GA 30096

6. At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## FACTUAL ALLEGATIONS

7.  In the summer of 2017 Plaintiff received several calls from a representative on his personal cellphone number XXX-XXX-3733.  On numerous occasions, Plaintiff answered the phone and was told by the representative that they were

2

trying to collect a debt.  When Plaintiff inquired about the name of the company, the representative informed Plaintiff that the name of the company was named **"Patients Account Bureau"**.

8.  Plaintiff has never heard of the Company, and informed the representative to not "call his cellphone" and further, Plaintiff does not owe a debt to this company. The Defendant intentionally used another name and did not identify the true name of the company.

9.  On or about July 13th 2017, Plaintiff began receiving prerecorded voicemail messages on his cellular telephone asking him to contact a company named **"Patient Account Bureau".**  The message stated:

**This is an attempt to collect a debt…any information obtained will be used for that purpose… this call is from a debt collector, please give us a call at 678-805-6035**

10.  Again on July 21, 2017 Plaintiff received this automated message:

**This is an attempt to collect a debt…any information obtained will be used for that purpose… this call is from a debt collector, please give us a call at 678-805-6035**

11.  Plaintiff received at least eleven (11) of these calls that left the same artificial /pre-recorded message from the Defendant Hollis Cobb Associates calling on behalf of a third party.

3

12.  In August of 2017 Plaintiff sent the Defendant a letter informing them of the federal violations with an attempt to mitigate this matter before seeking a remedy with the Court.

13.  The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. 47 U.S.C. § 227(b)(1) prohibits… the use of automated telephone equipment;

14. As such, Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559 chapter 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that, "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call."

15.  Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of Defendants calls.  He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

16.  Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA.  The continuous

4

unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

17. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

18. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call.  Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

19. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from HCA, on behalf of any other third party for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227, et seq

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The eleven (11) prerecorded automated phone calls were made to Plaintiff's personal cellphone and did not reveal the entities on whose behalf they were made.

22. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

5

23.  The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## PRAYER FOR RELIEF

a)  As a result of Defendants Hollis Cobb Associates, Inc., d./b./a/ Patient Accounts Bureau, willful and/or knowing violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

b) A trial by jury on all issues so triable;

c)  Such other and further relief as may be just and proper.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

6