UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>HOLLIS COBB ASSOCIATES, INC.,<br><br>    Defendant. | Case No.  1:21-cv-02075<br><br>Judge: Steven D. Grimberg |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, HOLLIS COBB ASSOCIATES, INC. ("HCA"), by and through its attorneys, David M. Schultz and Ruddy S-A. Abam of Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Original Complaint, states as follows:

1.   Ricky R. Franklin, (referred to as "Plaintiff') bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of HOLLIS COBB ASSOCIATES INC., d./b/a/ Patient Accounts Bureau, and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiffs' privacy. The Defendant has violated the TCPA by contacting the Plaintiff on his cellular telephone via an " automated or prerecorded messages" as defined by 47 U.S.C. § 227(a)(1), without prior express consent within the meaning of the TCPA.

**ANSWER:   Defendant admits that Plaintiff's Complaint purports to allege violations of the TCPA, but denies that any violation has occurred, denies that Plaintiff has**

incurred an injury in fact, and denies that Plaintiff is entitled to any relief herein. Defendant denies all remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that Plaintiff purports to bring claims pursuant to the TCPA and that this Court could therefore have general jurisdiction over claims arising under 28 U.S.C. § 1331, but Defendant denies that Plaintiff has any such claims. Defendant further denies that the Court should exercise supplemental jurisdiction over Plaintiff's claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Defendant does not contest venue in this case.

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, "Plaintiff'), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

**ANSWER:** Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph.

5. Defendant, HOLLIS COBB ASSOCIATES INC., (hereinafter, "HCA") is a Georgia Corporation located at 3175 Satellite Blvd, Suite 400, Duluth, GA 30096.

**ANSWER:** Defendant admits that it has an office in Duluth, Georgia, located at 3175 Satellite Blvd., Suite 400.

6.      At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

**ANSWER:    Defendant admits that it has an office in the State of Georgia and conducts business in the State. Defendant denies all remaining allegations contained in this paragraph.**

## FACTUAL ALLEGATIONS

7.      In the summer of 2017 Plaintiff received several calls from a representative on his personal cellphone number XXX-XXX-3733. On numerous occasions, Plaintiff answered the phone and was told by the representative that they were trying to collect a debt. When Plaintiff inquired about the name of the company, the representative informed Plaintiff that the name of the company was named **"Patients Account Bureau"**.

**ANSWER:    Defendant admits that it attempted to collect an outstanding financial obligation from Plaintiff. Defendant admits that it attempted to communicate with Plaintiff at phone number (678) 650-3733, pursuant to Plaintiff's prior express consent. Defendant admits that Patient Account Bureau is its business name.**

8.      Plaintiff has never heard of the Company, and informed the representative to not "call his cellphone" and further, Plaintiff does not owe a debt to this company. The Defendant intentionally used another name and did not identify the true name of the company.

**ANSWER:    Defendant admits that it attempted to collect a financial obligation placed with it by Northside Hospital and Family Practice. Defendant denies the remaining allegations contained in this paragraph.**

1042458\308695182.v1

9.      On or about July 13th 2017, Plaintiff began receiving prerecorded voicemail messages on his cellular telephone asking him to contact a company named **"Patient Account Bureau"**. The message stated:

**This is an attempt to collect a debt... any information obtained will be used for that purpose... this call is from a debt collector, please give us a call at 678-805-6035**

**ANSWER:    Defendant admits that it attempted to collect an outstanding financial obligation from Plaintiff. Defendant admits that Patient Account Bureau is its business name. Defendant admits that on 09/21/2016 Plaintiff consented to such contact at phone number (678) 650-3733, for collection purposes regarding a financial obligation owed to an original creditor.**

10.     Again on July 21, 2017 Plaintiff received this automated message:

**This is an attempt to collect a debt… any information obtained will be used for that purpose... this call is from a debt collector, please give us a call at 678-805-6035**

**ANSWER:    Defendant admits that it communicated messages to plaintiff in an attempt to collect an outstanding financial obligation. Defendant admits that on 09/21/2016 Plaintiff consented to such contact at phone number (678) 650-3733, for collection purposes regarding a financial obligation owed to an original creditor.**

11.     Plaintiff received at least eleven (11) of these calls that left the same artificial /pre-recorded message from the Defendant Hollis Cobb Associates calling on behalf of a third party.

**ANSWER:    Defendant admits that it communicated messages to Plaintiff in an attempt to collect an outstanding financial obligation. Defendant admits that on 09/21/2016 Plaintiff consented to such contact at phone number (678) 650-3733, for collection**

**purposes. Defendant denies that it left eleven (11) messages for Plaintiff regarding the financial obligation owed to an original creditor.**

12. In August of 2017 Plaintiff sent the Defendant a letter informing them of the federal violations with an attempt to mitigate this matter before seeking a remedy with the Court.

**ANSWER: Defendant admits that Plaintiff sent Defendant a single correspondence dated August 24, 2017, "RE: Intent to Litigate." Defendant admits that Plaintiff's correspondence included a demand for alleged violations of the FDCPA and TCPA. Defendant denies violating the FDCPA, denies violating the TCPA, and denies violating any laws.**

13. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. 47 U.S.C. § 227(b)(l) prohibits... the use of automated telephone equipment;

**ANSWER: Defendant states that the TCPA speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with the statute. Defendant admits that Plaintiff consented to contact at phone number (678) 650-3733 in connection with the financial obligation Plaintiff incurred.**

14. As such, Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559 chapter 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that, "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation

of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call."

**ANSWER:  Defendant states that the TCPA speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with the statute. Defendant admits that the allegations in this paragraph also purport to quote case law which interprets the TCPA but denies that Plaintiff has any such claims herein. Defendant further admits that Plaintiff consented to contact at phone number (678) 650-3733 in connection with the financial obligation Plaintiff incurred.**

15. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of Defendants calls. He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

**ANSWER:  Defendant denies the allegations contained in this paragraph.**

16. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

**ANSWER:  Defendant denies the allegations contained in this paragraph.**

17. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

**ANSWER:  Defendant denies the allegations contained in this paragraph.**

18. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

**ANSWER:   Defendant states that the TCPA speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with the statute**.

19. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from HCA, on behalf of any other third party for the purpose of debt collection or any other purpose.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

<u>**COUNT 1**</u>
<u>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**</u>
<u>**47 U.S.C. §227, ET SEQ**</u>

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:   For its answer to paragraph 20, Defendant incorporates by reference all its answers to paragraphs 1 through 29 as though fully stated herein.**

21. The eleven (11) prerecorded automated phone calls were made to Plaintiff's personal cellphone and did not reveal the entities on whose behalf they were made.

**ANSWER:   Defendant admits that it attempted to communicate with Plaintiff at phone number (678) 650-3733 pursuant to Plaintiff's prior express consent. Defendant admits to informing Plaintiff that the communication was in connection with the collection of an outstanding financial obligation incurred by Plaintiff. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in this paragraph.**

1042458\308695182.v1

22. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

**ANSWER: Defendant admits that it attempted to contact Plaintiff at (678) 650-3733 pursuant to Plaintiff's express consent, regarding the outstanding obligation. Defendant denies that Plaintiff communicated a clear revocation of Plaintiff's prior consent to such contact.**

23. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(l)(A)(i).

**ANSWER: Admitted.**

## AFFIRMATIVE DEFENSES

Defendant, HOLLIS COBB ASSOCIATES, INC., by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant asserts that it cannot be liable under the TCPA because at all times, Defendant had consent to call the phone number at issue because the phone number was provided to Defendant by the creditor for the account holder and Plaintiff as the account holder otherwise consented expressly to receive the calls.

2. Defendant states that the claims of Plaintiff are barred, either in whole or in part, by the doctrines of waiver and estoppel.

## RESERVATION OF RIGHTS

Defendant reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations concerning this case.

WHEREFORE, Defendant HOLLIS COBB ASSOCIATES, INC., respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and for such further and other relief as the Court deems just and equitable.

                                    HINSHAW & CULBERTSON LLP

By: */s/ Paul Buschmann*
     Paul Buschmann

Paul Buschmann
HINSHAW & CULBERTSON LLP
One East Broward Blvd., Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-375-1134
Facsimile: 954-467-1024
pbuschmann@hinshawlaw.com

**CERTIFICATE OF SERVICE**

      I, Paul Buschmann, an attorney, certify that on August 9, 2021, caused to be served a copy of the foregoing by: depositing same in the U.S. Mail box, prior to 5:00 p.m., postage prepaid; messenger delivery; UPS; facsimile; email; or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

- ☒ CM/ECF
- ☐ Facsimile
- ☐ UPS
- ☐ U.S. Mail
- ☐ E-Mail
- ☐ Messenger Delivery

*/s/ Paul Buschmann*
Paul Buschmann

Paul Buschmann
HINSHAW & CULBERTSON LLP
One East Broward Blvd., Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-375-1134
Facsimile: 954-467-1024
pbuschmann@hinshawlaw.com