## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICKY R. FRANKLIN,

     Plaintiff,

v.

HOLLIS COBB ASSOCIATES, INC.,

     Defendant.

Case No.  1:21-cv-02075-SDG

Honorable Judge: Steven D. Grimberg

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(B), Defendant Hollis Cobb Associates, Inc. ("HCA"), submits the following Statement of Material Facts to which it contends there is no genuine issue to be tried, in support of its Motion for Summary Judgment.

### STATEMENT OF FACTS

1.  On September 21, 2016, Plaintiff, Ricky R. Franklin ("Plaintiff" or "Franklin") signed and executed a financial acknowledgement form (the "Notice") in relation to medical services he received at Northside Family Practice and Hospital (the "creditor").

2.  Among other things, Plaintiff provided his name, date of birth, email, and telephone number ending in XXX-3733 (the "3733 number") on the Notice.

3.  The Notice afforded Plaintiff two distinct options which he could choose from regarding the means by which the creditor, its affiliates, or contractors could contact him.

4.  On the financial acknowledgement page, option 1 stated as follows:

> "I authorize Northside Hospital, or any of its affiliates, contractors or business associates, to contact me by any telephone numbers, email addresses or other contact points provided by me or on my behalf) by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems, by electronic mail owned or used by the guarantor/responsible party, by telephone or by cell phone for reasons related to the services I received at Northside Hospital or payment for the services I received at Northside Hospital, including but not limited to, debt collection purposes. I further understand and acknowledge that my consent in receiving the aforementioned communications is not required nor is it a preceding condition to receive health care services at Northside Hospital."

5.  On the other hand, option 2 on the financial acknowledgment page stated as follows:

> "I do not agree with the above statement and do not wish to be contacted by the use of any automatic dialing system; by pre-recorded forms of voice/messaging systems; by electronic mail or by receiving voice messages on my cell phone, except for clinical issues."

6.  Plaintiff signed and executed on the option 1 line of the Notice, authorizing Northside Hospital, or any of its affiliates, agents, contractors, or business associates to contact him "by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems…or by cell phone for reasons related to the services" he

1042458\310050268 v1

received or concerning payment for the services, "including but not limited to, debt collection purposes."

7.   Additionally, Plaintiff provided a second signature on the Notice, representing and warranting the following:

> "By signing below, I acknowledge and agree that I have read or had this form read to me and I understand and agree to its contents."

Below is a portion of the Notice, attached hereto at Exhibit 1:

**FINANCIAL RESPONSIBILITY:** Payment in full is expected at the time services are received. Accounts more than 30 days past due will accrue interest at the rate of 8 percent annually. This interest does not apply to deductibles/copayments of Medicare/Medicaid or other governmental programs. **(Accounts under an agreed alternate payment contract will not be considered past due, provided the plan is accepted in writing in accordance with Northside Hospital's Payment Installment Agreement Plan up to one hundred eighty (180) days of service, depending upon the Payment Plan established, with all conditions of the payment plan met.)** Insured patients are required to pay identified co-pay, unsatisfied deductible, and estimated co-insurance prior to any elective services unless alternate arrangements are made. Uninsured patients are required to make payment in full prior to any elective services unless alternate arrangements are made. This provision does not apply, and payment will not be requested, prior to emergency screening and stabilizing treatment as required by federal law.

_____ I authorize Northside Hospital, or any of its affiliates, agents, contractors or business associates, to contact me (by any telephone numbers, email addresses or other contact points provided by me or on my behalf) by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems, by electronic mail owned or used by the guarantor/responsible party, by telephone or by cell phone for reasons related to the services I received at Northside Hospital or payment for the services I received at Northside Hospital, including but not limited to, debt collection purposes. I further understand and acknowledge that my consent in receiving the aforementioned communications is not required nor is it a preceding condition to receiving health care services at Northside Hospital.

_____ I do not agree with the above statement and do not wish to be contacted by the use of any automatic dialing system; by pre-recorded forms of voice/messaging systems; by electronic mail or by receiving voice messages on my cell phone, except for clinical issues

By signing below, I acknowledge and agree that I have read or had this form read to me and I understand and agree to its contents.

PATIENT / REPRESENTATIVE          DATE          RELATIONSHIP TO PATIENT

## A.  Calls Placed to the 3733 Number

8.   On or around July 2017, after Plaintiff became delinquent on his payments to the creditor, the account at issue was placed with Defendant. HCA attempted to contact Plaintiff on the 3733 Number, regarding the outstanding Debt.

9.   On July 13, 2017, HCA placed a call to Plaintiff's number and subsequently left a message about being contacted in regards to the Debt.

10.     On July 14, 2017, HCA manually placed a call to Plaintiff's number, asking him for the balance in full ("BIF") on the account. Specifically, HCA's account notes and records show the following shorthand: "DEBTER WAS ASK FOR BIF ON ACCOUNT PARTY HU." According to these records, in response to being asked about the Debt, Plaintiff hung up ("HU").  Below is a portion of the account notes, attached hereto as Exhibit 2:

VJE 07/14/17 11:30  MINI DEBTER WAS ASK FOR BIF ON ACCOUNT  PARTY HU

11.     Between July 21 and August 24, 2017, HCA placed four other calls to Plaintiff's 3733 Number, leaving a message about its phone contact being in regards to the Debt. HCA's account notes verify each call, including the date and time stamp of the call. *See* Exhibit 2.

12.     On August 25, 2017, HCA accounts that it received and processed into its system a "NOTICE FOR DEMAND IN THE MAIL." Plaintiff's demand letter, dated August 24, 2017, indicated an intent to litigate and alleged statutory violations of the FDCPA and TCPA, by the Defendant. The letter included an attachment of Plaintiff's Complaint, and among other things demanded a total of $9,500.00 from HCA. *See* Exhibit 3.

13.     Upon receipt of the demand and intent to litigate letter, HCA immediately and promptly referred the account to compliance, and placed the account on "SHUT

4

DOWN." HCA noted in its records that the letter was received on August 25, 2017, and the account was placed into shut down instantaneously, on the same day. Below is a portion of the account notes, attached hereto as Exhibit 2:

EBA 08/25/17 11:35  RECEIVED NOTICE FOR  DEMAND IN THE MAIL  SENT OVER TO

EBA 08/25/17 11:35  COMPLAINCE DEPARTMENT FOR REVIEW PLACE SHUT ACCOUNT DOWN.

EBA 08/25/17 11:35  3DMD LEGAL DEMAND

14.     In May of 2017, almost four years past, Defendant notes in its records that it received notice of Plaintiff's Complaint, filed May 17, 2021.

### B.  Plaintiff's Allegations

15.     Per Plaintiff's six paged Complaint, he alleges TCPA violations.

16.     According to Franklin, "in the summer of 2017 Plaintiff received several calls from a representative on his personal cellphone number XXX-XXX-3733. On numerous occasions, Plaintiff answered the phone and was told by the representative that they were trying to collect a debt." (Pl.'s Compl. ¶ 7).

17.     Furthermore, he alleges that he informed the representative "to not 'call his cellphone'" and that he neither knew of the Company calling, nor did he owe a debt to it. (Pl.'s Compl. ¶ 8).

18.     Next, he claims that around July 13, 2017, he began receiving prerecorded messages on his phone, regarding the Debt. (Pl.'s Compl. ¶ 9).

19.     He alleges that in total, he received "at least eleven (11) of these calls that left the same artificial/pre-recorded message from the Defendant Hollis Cobb Associates calling on behalf of a third party." (Pl.'s Compl. ¶¶ 9-11). More, he states that HCA made prerecorded automated phone calls in violation of the TCPA's prohibition of automatic telephone dialing systems ("ATDS"). (Pl.'s Compl.).

20.     Defendant manually dialed Plaintiff's 3733 number as received from the creditor. Below is a portion of the account notes, attached hereto as Exhibit 2:

> VJE 07/14/17 11:28  Placed using Cont. Plat. CTS - manual dial ▮▮▮▮ 3733

21.     Next, Plaintiff states that in August, 2017, he sent HCA a demand letter concerning his allegations that it violated federal law. (Pl.'s Compl. ¶ 12).

22.     He claims to have suffered harassment, anger, additional rate charges on is telephone plan, and an invasion of his privacy rights. (Pl.'s Compl. ¶ 15-17).

23.     Last, Plaintiff specifically argues that he never consented to, requested, desired, or permitted calls from HCA on behalf of any third party for the purpose of debt collection. (Pl.'s Compl. ¶ 19) And, he alleges that Defendant willfully and knowingly violated the TCPA. (Pl.'s Compl.).

6

## C.  The Litigation

24.     Between June 2021 through August 2021, Defendant's counsel and Plaintiff exchanged email communications regarding Plaintiff's allegations. Counsel for Defendant explained the weaknesses in Plaintiff's claims, as well as the case law supporting its position.

25.     Pursuant to Federal Rule of Civil Procedure 26(f), the parties met and Defendant filed with Plaintiff's confirmation, a Joint Preliminary Report and Discovery Plan, on September 9, 2021. (Dkt. #14).

26.     Following, Plaintiff filed his Initial Disclosures on September 20, 2021, while Defendant served its Initial Disclosures on November 8, 2021. (Dkt. #17; #18).

27.     Defendant's Initial Disclosures disclosed a corporate representative, his name, and how he could be contacted for purposes of discovery. More, Defendant also identified its account notes, history, and telephone log as relevant documents subject to discovery requests, as well as other information that may be relevant to the claims.

28.     Upon tendering its Initial Disclosures, Defendant received no response or reply from Plaintiff. Particularly, Defendant has received no further communication from Plaintiff in reference to Complaint, since September 20, 2021.

29.     On January 6, 2021, the parties' discovery deadline expired, with Defendant having never received any discovery requests or alternative communications from Plaintiff regarding proposed extensions or otherwise.

1042458\310050268 v1

## CERTIFICATE OF SERVICE

I, hereby certify that on this 7th day of February, 2022, I electronically filed the foregoing,

**DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION**

**FOR SUMMARY JUDGMENT** with the Clerk of Court by using the CM/ECF system,

which will send a notice of electronic filing to all parties of record.


*/s/ Paul Buschmann*
Paul Buschmann, Esq.
GA Bar No. 098430
HINSHAW & CULBERTSON LLP
One East Broward Blvd., Suite 1010
Ft. Lauderdale, FL 33301
Phone: 954-375-1134
Facsimile: 954-467-1024
e-mail: pbuschmann@hinshawlaw.com


Dated: February 7, 2022

# EXHIBIT 1

# NORTHSIDE HOSPITAL

### Northside Family Practice

Full Name: _Ricky_ _L_ _Franklin_   Date of Birth

(First)        (Middle)        (Last)

Gender (circle)  (Male)   Female        Marital Status (circle)

Address_____   City_____   State_ GA _ Zip

*Preferred Phone Number  ☐ home  ☑ cell  _678 650 3233_

*Email
Ethnicity
Race

Preferred

## NORTHSIDE HOSPITAL

### Northside Family Practice

Name _Franklin_

Date of birth ___/___/___
Month   Day   Year

English - Spanish

### FINANCIAL ACKNOWLEDGEMENT

**ASSIGNMENT OF BENEFITS:** Unless I have specified otherwise, verbally or in writing, in consideration of the services provided at Northside Hospital, I hereby assign and transfer to the Hospital and other medical providers all hospital and medical provider benefits payable under my insurance policies or benefit plans. I hereby assign and transfer all related rights and remedies due under the insurance policies or benefit plans that I have identified or will identify in connection with all services rendered, including but not limited to all rights and remedies pursuant to applicable state, federal and ERISA regulation. I hereby assign and transfer all rights to the Hospital and other medical providers applicable under ERISA, federal or state regulation to pursue any benefit denial, limitation of coverage or request for an administrative review of fiduciary duties involving administration of benefits by the U. S. Dept of Labor, the Department of Community Health or the Department of Insurance. I authorize and direct the insurance company to pay all such benefits to the Hospital and appropriate medical providers. I understand that assignment does not relieve me of any responsibility I may have for payment of charges not paid by the insurance company, unless otherwise provided by the terms of an agreement between the insurance company and the Hospital. If admission is for pregnancy, assignment of benefits will also apply to any newborn child. I certify that the information I have provided with respect to my coverage is true and accurate. I also understand that Northside Hospital may have to submit my health information for this or a related claim, including confidential information (i.e. mental health, alcohol/drug abuse or HIV/AIDS), for payment purposes. This assignment will remain in effect until revoked by me in writing.

**PRECERTIFICATION: I understand** that my insurance policy may require compliance with a utilization review program to make certain that health care benefit funds are expended when justified. **I understand** that it is the utilization review program's responsibility to review proposed elective admissions and anticipated courses of treatment. **I understand** that if the utilization review program determines that admission is necessary and appropriate and issues certification, the benefits of my health plan will be made available to me in accordance with the terms of my policy. However, if certification is denied, health care benefits may be withheld. **I understand** that precertification may be the responsibility of the patient or financially responsible party and his or her physician. **I understand** that Northside Hospital is willing to admit me as requested by my physician. **I also understand** that I may be financially responsible for all hospital charges incurred as a result of admission should the utilization review program refuse to certify that the admission is appropriate, or should the certification effort occur too late to be valid. **I understand** that to protect myself from unnecessary personal financial losses, I must provide insurance coverage at time of registration, review my obligations with my insurance company, utilization review program, and personal physician without delay.

### ABOUT YOUR BILLING:

*Hospital and Provider-Based Services* — In addition to a bill received from Northside Hospital, you may receive a bill for the professional component of treatment. Although Northside Hospital may be a provider in an insurance network, the physician or professional service group may or may not be a covered provider of service. Medicare and Medicare Advantage patients will receive a coinsurance liability estimate. If the care received is outpatient care, the insurance carrier will process the claim(s) on an outpatient basis. Outpatient services may require co-insurance, deductible and/or co-pay, depending on insurance policy benefits.

*Physician Practice Locations* — If services are received in a physician practice, which is *not* a provider-based outpatient location of Northside Hospital, insurance benefits will be processed as a physician office visit.

**FINANCIAL RESPONSIBILITY:** Payment in full is expected at the time services are received. Accounts more than 30 days past due will accrue interest at the rate of 8 percent annually. This interest does not apply to deductibles/copayments of Medicare/Medicaid or other governmental programs. (Accounts under an agreed alternate **payment contract** will not be considered past due, provided the plan is accepted in writing in accordance with Northside Hospital's Payment Installment Agreement Plan up **to one hundred eighty (180) days of service, depending upon the Payment Plan established, with all conditions of the payment plan met.)** Insured patients are required to pay identified co-pay, unsatisfied deductible, and estimated co-insurance prior to any elective services unless alternate arrangements are made. Uninsured patients are required to make payment in full prior to any elective services unless alternate arrangements are made. This provision does not apply, and payment will not be requested, prior to emergency screening and stabilizing treatment as required by federal law.

I authorize Northside Hospital, or any of its affiliates, agents, contractors or business associates, to contact me (by any telephone numbers, email addresses or other contact points provided by me or on my behalf) by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems, by electronic mail owned or used by the guarantor/responsible party, by telephone or by cell phone for reasons related to the services I received at Northside Hospital or payment for the services I received at Northside Hospital, including but not limited to, debt collection purposes. I further understand and acknowledge that my consent in receiving the aforementioned communications is not required nor is it a preceding condition to receiving health care services at Northside Hospital.

I do not agree with the above statement and do not wish to be contacted by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems; by electronic mail or by receiving voice messages on my cell phone, except for clinical issues

*By signing below, I acknowledge and agree that I have read or had this form read to me and I understand and agree to its contents.*

_____   09/21/16
PATIENT / REPRESENTATIVE       DATE       _____
                                          RELATIONSHIP TO PATIENT

Interpreter Signature _____
Note: If phone interpretation used, record interpreter ID =

### RECEIPT OF NOTICE OF PRIVACY PRACTICES ACKNOWLEDGEMENT

I acknowledge receipt of the Notice of Privacy Practices ("Notice") from Northside Hospital, Inc. and the Northside Hospital medical staff. The Notice provides information about how Northside Hospital and the Northside Hospital medical staff members may use and disclose my health information. I have been encouraged to read the Notice in full.

I understand that Northside Hospital and its Medical Staff members operate as an "organized health care arrangement" and have presented me with a joint notice of privacy practices. Although the Hospital and Medical Staff members have established an organized health care arrangement for purposes of complying with privacy laws, some or all of the health care professionals performing services in this hospital or its outpatient centers are not employees or agents of the Hospital and remain independent contractors. Independent contractors are responsible for their own actions and Northside Hospital shall not be liable for the acts or omissions of any such independent contractors.

I understand that the Notice is subject to change. If Northside Hospital changes the Notice, I may obtain a copy of the revised Notice at Northside's website (www.northside.com).

_____   09/21/16
PATIENT / REPRESENTATIVE       DATE       _____
                                          RELATIONSHIP TO PATIENT

**INABILITY TO OBTAIN ACKNOWLEDGEMENT FOR RECEIPT OF PRIVACY PRACTICES**

☐ Patient/Representative refused to sign ☐ Patient not competent to sign and legal representative not present [ ] Other _____

Interpreter Signature _____
Note: If phone interpretation used, record interpreter ID =

## ANNUAL ACKNOWLEDGEMENT

# EXHIBIT 2

AUT 07/08/17  5:17  MED. SCRUBS BYPASS - INVALID OR MISSING SSN (00)

YYY 07/10/17  4:08  Letter #1 PAB Initial Letter requested et ltr1 index

YYY 07/10/17  4:08  5▇▇▇▇▇▇1

YYY 07/10/17  4:08  2999 DLC SERIES COMPLETE et ltr1 index 5▇▇▇▇▇1

YYY 07/10/17  4:11  3000 New placement sys

YYY 07/10/17  7:49P Letter #1 PAB Initial Letter sent

YYY 07/11/17  3:08  Put in GC pool 201 et PL201 index 5▇▇▇▇▇2)

YYY 07/11/17  3:08  Removed account from GC pool et PL301 index 5▇▇▇3

YYY 07/11/17  3:08  (S-▇▇▇2)

YYY 07/11/17  3:08  Put in GC pool 301 et PL301 index ▇▇▇▇ (S-▇▇▇)

YYY 07/11/17  2:36P CM (CMNCOA) Received letter-printing results for 'LETTERS'

YYY 07/11/17  2:36P (TID #1▇▇▇).

sys 07/11/17  2:36P Link Request -- Address not updated due to blank address.

sys 07/11/17  2:36P (CMNCOA) et DMNCOAUPD index ▇▇▇▇2)

YYY 07/12/17  3:02  Removed account from GC pool et PL201 index ▇▇▇0

YYY 07/12/17  3:02  (S-▇▇▇)

YYY 07/12/17  3:02  Put in GC pool 201 et PL201 index ▇▇▇▇(S-▇▇▇)

YYY 07/12/17  3:02  Removed account from GC pool et PL301 index ▇▇▇

YYY 07/12/17  3:02  (S-▇▇▇)

YYY 07/12/17  3:02  Put in GC pool 301 et PL301 index ▇▇▇0 (S-▇▇▇)

YYY 07/13/17  3:00  Put in GC pool 201 et PL201 index ▇▇▇6 (S-▇▇▇)

YYY 07/13/17  3:00  Removed account from GC pool et PL301 index ▇▇▇7

YYY 07/13/17  3:00  (S-▇▇▇)

YYY 07/13/17  3:00  Put in GC pool 301 et PL301 index ▇▇▇▇(S-▇▇▇)

gc  07/13/17  2:16P res▇▇▇-3733 LEFT UNATTENDED MESSAGE - FOTI COMPLIANT

gc  07/13/17  2:16P 3000 New placement  gc unatt. msg.

VJE 07/14/17 11:28  Placed using Cont. Plat. CTS - manual dial ▇▇▇3733

VJE 07/14/17 11:30  MINI DEBTER WAS ASK FOR BIF ON ACCOUNT  PARTY HU

VJE 07/14/17 11:30  Transferred to collector UNA et UNA index ▇▇▇9



VJE 07/14/17 11:30  (R-1⬛⬛⬛⬛)

VJE 07/14/17 11:30  3ACT Active Account

YYY 07/21/17  3:30  Put in GC pool 201 et PL201 index⬛⬛⬛⬛⬛⬛(S-1⬛⬛⬛)

YYY 07/21/17  3:31  Removed account from GC pool et PL301 index 5⬛⬛⬛⬛1

YYY 07/21/17  3:31  (S-⬛⬛⬛2)

YYY 07/21/17  3:31  Put in GC pool 301 et PL301 index ⬛⬛⬛⬛3 (S-⬛⬛⬛2)

gc  07/21/17  4:03P res⬛⬛⬛-3733 LEFT UNATTENDED MESSAGE - FOTI COMPLIANT

gc  07/21/17  4:03P  3ACT Active Account  gc unatt. msg.

YYY 07/24/17  3:12  Put in GC pool 201 et PL201 index⬛⬛⬛⬛⬛2)

YYY 07/24/17  3:12  Removed account from GC pool et PL301 index⬛⬛⬛⬛3

YYY 07/24/17  3:12  (S-⬛⬛⬛)

YYY 07/24/17  3:12  Put in GC pool 301 et PL301 index⬛⬛⬛⬛ (S-⬛⬛2)

YYY 07/25/17  3:23  Removed account from GC pool et PL201 index⬛⬛⬛⬛5

YYY 07/25/17  3:23  (S-⬛⬛⬛2)

YYY 07/25/17  3:23  Put in GC pool 201 et PL201 index ⬛⬛⬛3 (S-⬛⬛⬛2)

YYY 07/25/17  3:24  Removed account from GC pool et PL301 index ⬛⬛⬛⬛

YYY 07/25/17  3:24  (S-⬛⬛⬛2)

YYY 07/25/17  3:24  Put in GC pool 301 et PL301 index⬛⬛⬛⬛ (S-⬛⬛⬛2)

gc  07/25/17  3:49P res⬛⬛⬛-3733 LEFT UNATTENDED MESSAGE - FOTI COMPLIANT

gc  07/25/17  3:49P  3ACT Active Account  gc unatt. msg.

YYY 07/27/17  3:18  Put in GC pool 201 et PL201 index⬛⬛⬛⬛ (S-⬛⬛2)

YYY 07/27/17  3:19  Removed account from GC pool et PL301 index ⬛⬛⬛3

YYY 07/27/17  3:19  (S-⬛⬛2)

YYY 07/27/17  3:19  Put in GC pool 301 et PL301 index ⬛⬛⬛⬛ (S-⬛⬛⬛)

gc  07/27/17  5:36P res⬛⬛⬛-3733 LEFT UNATTENDED MESSAGE - FOTI

gc  07/27/17  5:36P  3ACT Active Account Answering Machine

YYY 07/29/17  4:16  Put in GC pool 201 et PL201 index⬛⬛⬛9 (S⬛⬛⬛)

YYY 07/29/17  4:16  Removed account from GC pool et PL301 index 5⬛⬛⬛2

YYY 07/29/17  4:16  (S-⬛⬛⬛)

YYY 07/29/17  4:16  Put in GC pool 301 et PL301 index ███████████████████)

YYY 07/31/17  3:27  Removed account from GC pool et PL201 index ██████████

YYY 07/31/17  3:27  (S-████████)

YYY 07/31/17  3:27  Put in GC pool 201 et PL201 index ████████████████32)

YYY 07/31/17  3:27  Removed account from GC pool et PL301 index ████████6

YYY 07/31/17  3:27  (S-1██████)

YYY 07/31/17  3:27  Put in GC pool 301 et PL301 index 5███████████████2)

YYY 08/01/17  3:36  Removed account from GC pool et PL201 index ████████

YYY 08/01/17  3:36  (S-███████)

YYY 08/01/17  3:36  Put in GC pool 201 et PL201 index ██████████████2)

YYY 08/01/17  3:38  Removed account from GC pool et PL301 index ████████

YYY 08/01/17  3:38  (S-3██████2)

YYY 08/01/17  3:38  Put in GC pool 301 et PL301 index ██████████1 (S-██████)

<mark>gc  08/01/17 12:05P res███████-3733 LEFT UNATTENDED MESSAGE - FOTI</mark>

gc  08/01/17 12:05P 3ACT Active Account Answering Machine

YYY 08/03/17  3:47  Put in GC pool 201 et PL201 index ████████████████)

YYY 08/03/17  3:51  Removed account from GC pool et PL301 index ████████

YYY 08/03/17  3:51  (S-██████)

YYY 08/03/17  3:51  Put in GC pool 301 et PL301 index ██████████████)

YYY 08/04/17  3:51  Removed account from GC pool et PL201 index ██████████

YYY 08/04/17  3:51  (S-██████)

YYY 08/04/17  3:51  Put in GC pool 201 et PL201 index ████████2 (S-██████)

YYY 08/04/17  3:53  Removed account from GC pool et PL301 index 54██████

YYY 08/04/17  3:53  (S-██████)

YYY 08/04/17  3:53  Put in GC pool 301 et PL301 index ███████████████)

YYY 08/05/17  4:31  Removed account from GC pool et PL201 index ████████

YYY 08/05/17  4:31  (S-3██████)

YYY 08/05/17  4:31  Put in GC pool 301 et PL301 index ██████████████2)

YYY 08/05/17  4:31  Account not placed in pool. No good numbers. et PL201 index

YYY 08/05/17  4:31  ███████████2)

AUT 08/06/17  6:24  MED. SCRUBS BYPASS - INVALID OR MISSING SSN (30)

YYY 08/07/17  3:33  Put in GC pool 201 et PL201 index ████████2)

YYY 08/07/17  3:34  Removed account from GC pool et PL301 index ██████91

YYY 08/07/17  3:34  (S████2)

YYY 08/07/17  3:34  Put in GC pool 301 et PL301 index █████████832)

YYY 08/08/17  3:36  Removed account from GC pool et PL201 index █████7

YYY 08/08/17  3:36  (S-1████2)

YYY 08/08/17  3:36  Put in GC pool 201 et PL201 index █████████2)

YYY 08/08/17  3:39  Removed account from GC pool et PL301 index 5████4

YYY 08/08/17  3:39  (S-1████2)

YYY 08/08/17  3:39  Put in GC pool 301 et PL301 index █████████832)

AUT 08/08/17  3:58P  Debtor phone flag changed from  to C

AUT 08/08/17  3:58P  ████3733 CELL MATCH=Y

YYY 08/09/17  3:37  Account not placed in pool. No good numbers. et PL201 index

YYY 08/09/17  3:37  ████████2)

YYY 08/09/17  3:39  Account not placed in pool. No good numbers. et PL301 index

YYY 08/09/17  3:39  ████████2)

YYY 08/10/17  3:36  Account not placed in pool. No good numbers. et PL201 index

YYY 08/10/17  3:36  ████████32)

YYY 08/10/17  3:37  Account not placed in pool. No good numbers. et PL301 index

YYY 08/10/17  3:37  ████████2)

YYY 08/11/17  3:42  Account not placed in pool. No good numbers. et PL201 index

YYY 08/11/17  3:42  ████████2)

YYY 08/11/17  3:44  Account not placed in pool. No good numbers. et PL301 index

YYY 08/11/17  3:44  5████6 (S-████2)

YYY 08/12/17  4:21  Account not placed in pool. No good numbers. et PL201 index

YYY 08/12/17  4:21  5██████3 (S-████2)

YYY 08/12/17  4:22  Account not placed in pool. No good numbers. et PL301 index



YYY 08/12/17  4:22   32)

YYY 08/14/17  3:14  Account not placed in pool. No good numbers. et PL201 index

YYY 08/14/17  3:14  ████████████ 32)

YYY 08/14/17  3:14  Account not placed in pool. No good numbers. et PL301 index

YYY 08/14/17  3:14  ████████████ 2)

YYY 08/15/17  3:11  Account not placed in pool. No good numbers. et PL201 index

YYY 08/15/17  3:11  ████████████ 2)

YYY 08/15/17  3:12  Account not placed in pool. No good numbers. et PL301 index

YYY 08/15/17  3:12  ████████████ 32)

YYY 08/16/17  3:37  Account not placed in pool. No good numbers. et PL201 index

YYY 08/16/17  3:37  ████████████ 2)

YYY 08/16/17  3:39  Account not placed in pool. No good numbers. et PL301 index

YYY 08/16/17  3:39  ████████████ 32)

YYY 08/17/17  3:37  Account not placed in pool. No good numbers. et PL201 index

YYY 08/17/17  3:37  ████████████ 2)

YYY 08/17/17  3:39  Account not placed in pool. No good numbers. et PL301 index

YYY 08/17/17  3:39  ████████████ 32)

YYY 08/18/17  3:41  Account not placed in pool. No good numbers. et PL201 index

YYY 08/18/17  3:41  ████████████ 32)

YYY 08/18/17  3:43  Account not placed in pool. No good numbers. et PL301 index

YYY 08/24/17  3:27  Account not placed in pool. No good numbers. et PL201 index

YYY 08/24/17  3:27  ████████████ 32)

YYY 08/24/17  3:29  Account not placed in pool. No good numbers. et PL301 index

YYY 08/24/17  3:29  ████████████ 32)

YYY 08/25/17  3:40  Account not placed in pool. No good numbers. et PL201 index

YYY 08/25/17  3:40  ████████████ 32)

YYY 08/25/17  3:41  Account not placed in pool. No good numbers. et PL301 index

YYY 08/25/17  3:41  ████████████ 2)

EBA 08/25/17 11:29  Debtor phone flag changed from C to !

EBA 08/25/17 11:34  Document Scanned

EBA 08/25/17 11:34  Document Edited  - OldType:   Type: MEDICAL

EBA 08/25/17 11:34  Document Edited  - OldSubtype:   Subtype: ATTYCORR

EBA 08/25/17 11:35  RECEIVED NOTICE FOR  DEMAND IN THE MAIL  SENT OVER TO

EBA 08/25/17 11:35  COMPLAINCE DEPARTMENT FOR REVIEW PLACE SHUT ACCOUNT DOWN.

EBA 08/25/17 11:35  3DMD LEGAL DEMAND

EBA 08/25/17 11:36  Viewed 6036t1971.tif

EBA 08/25/17 11:37  Viewed 6036t1971.tif

EBA 08/25/17 11:37  Selected 1 image to email.

DNF 08/31/17  7:01  Viewed Image: 6036t1971.tif

# EXHIBIT 3

Attn: Compliance Dept/Legal                          08/24/2017

## HOLLIS COBB ASSOCIATES INC.,

████████████████████████████

Subject: **INTENT TO LITIGATE**

Sir or Mam,

    My name is Ricky R. Franklin

   This letter will serve as a formal notice of my intent to sue for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt. I have enclosed my Complaint for your review.

   I am willing to resolve this matter...your client has over eleven (11) violations of this statue, and I want to resolve this before it causes significantly more damages

   If you wish to resolve this matter without court litigation, I will accept an amount of $9,500.00 dollars, and the immediate removal of my cellular number ████████ 3733 from your automated dialer.

   I am open to a reasonable counteroffer! However, if I do not hear from your company within 10 days of receipt of this notice, I will aggressively pursue remedy with the Courts. Additionally, I will pursue Vicarious Liability damages from your subsidiary company as well.

   If you would like to mitigate these matters, please contact me by email.

   Look forward to hearing from you concerning this matter,

Respectfully,


Ricky R. Franklin
████████████████████

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| GALEN ADVISORS, LLC | ) |  |
| and | ) |  |
|  | ) |  |
| HOLLIS COBB ASSOCIATES | ) |  |
| INC., | ) |  |
| Defendants | ) |  |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and

for his Complaint against the Defendant, GALEN ADVISORS, LLC., and

HOLLIS COBB ASSOCIATES INC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the

invasions of Plaintiff's personal privacy by the Defendants and its agents in their

illegal efforts to collect a consumer debt.   Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendants, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to GALEN ADVISORS, LLC., (hereinafter, GAL) and HOLLIS COBB ASSOCIATES INC., (hereinafter, HCA)  in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

2.  Jurisdiction of this Court is conferred by 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

5.  Defendant, GALEN ADVISORS, LLC., "GAL" is an Georgia Company, located at 1955 Lake Park Dr. Suite 250, Smyrna GA, 30080.

2

6. Defendant, HOLLIS COBB ASSOCIATES INC., "HCA" is a Georgia
Corporation located at 3175 Satellite Blvd, Suite 400, Duluth, GA 30096

7. At all relevant times, Defendants has conducted business in Georgia, solicited
business in Georgia, engaged in a persistent course of conduct in Georgia, or has
derived substantial revenue from services rendered in Georgia.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. On about January 26th Plaintiff received a letter from a company known as
Northside Family Practice that stated Plaintiff owed an alleged debt of $120.00.

9. Baffled and confused, Plaintiff called the number on the letter to reach and
reached a company by the name of Galen Advisors, LLC.  The representative told
Plaintiff that this debt was for a visit to Northside Practice the previous year.

10. More frustrated, Plaintiff called Northside Practice and was told by a
representative that the system shows that Plaintiff visited the facility back in 2016.

11. On January 30th Plaintiff sent a letter to Northside Practice disputing the debt,
and asking them to validate that the Plaintiff owed this alleged debt.

12. Plaintiff did not get a response, but instead kept getting letters saying that he
owed this alleged debt.

13. On several occasions, Plaintiff answered the phone and was told by the
representative that they were trying to collect a debt.  When Plaintiff inquired

3

about the name of the company, the representative informed Plaintiff that the name of the company was named **"Patients Account Bureau"**.

14. Plaintiff has never heard of the Company, and Plaintiff does not owe this company any debt. The Defendant intentionally used another name and did not identify the true name of the company.

15. On or about July 13th 2017, Plaintiff began receiving prerecorded voicemail messages on his cellular telephone asking him to contact a company named **"Patient Account Bureau".** The message stated:

This is an attempt to collect a debt...any information obtained will be used for that purpose... this call is from a debt collector, please give us a call at 678-805-6035

16. Plaintiff received at least eleven (11) calls from the Defendant Hollis Cobb Associates calling on behalf of Galen Advisors, LLC.

17. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. 47 U.S.C. § 227(b)(1) prohibits... the use of automated telephone equipment;

18. As such, Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559 chapter 10 (Jan. 4, 2008) ("2008 TCPA Order"), the FCC stated that, "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a

4

wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor placed the call."

19. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of Defendants calls. He was needlessly bothered and was forced to utilize minutes from his cell phone which could have been used for other purposes.

20. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

21. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

22. Accordingly, an entity can be liable under the TCPA for a call made on its behalf even if the entity did not directly place the call. Under those circumstances, the entity is properly deemed to have initiated the call through the person or entity that actually placed the call.

23. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from HCA, on behalf of (GAL) for the purpose of debt collection or any other purpose.

5

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff for purposes other than to confirm or correct location information.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the Debtor's debt on numerous occasions, without being asked to do so.

27. The Defendants' conduct violated 15 U.S.C. § 1692d *et. seq.* in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e *et. seq.* in that Defendants used false and misleading representations in communications.

29. The Defendants' conduct violated 15 U.S.C. § 1692f *et. seq.* in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227, et seq

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. At all times mentioned herein and within the last eight months, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

33. Plaintiff did not provide his consent to be contacted on his cellular telephone and in fact instructed Defendants to stop all calls to him and cease calling his cellular telephone.

34. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

35. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

7

37. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

a) Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692 et seq  against Defendants;

b) Costs of litigation and reasonable fees pursuant to 15 U.S.C. § 1692 et seq against Defendants;

c) As a result of Defendants, Galen Advisors, LLC., (GAL) and Hollis Cobb Associates, Inc., d./b./a/ Patient Accounts Bureau, (HCA) violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(1);

d) As a result of Defendants, Galen Advisors, LLC., (GAL) and Hollis Cobb Associates, Inc., d./b./a/ Patient Accounts Bureau, (HCA) willful and/or knowing violations of the TCPA, 47 U.S.C. § 227et seq., Plaintiff seeks statutory damages of $1500.00 for each and every call that violated the TCPA;

e) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

f) A trial by jury on all issues so triable;

8

g) Such other and further relief as may be just and proper.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

9