UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICKY R. FRANKLIN,

    Plaintiff,

v.

HOLLIS COBB ASSOCIATES, INC.,

    Defendant.

Case No. 1:21-cv-02075-SDG

Honorable Judge: Steven D. Grimberg

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, HOLLIS COBB ASSOCIATES, INC., ("HCA"), by and through its undersigned attorneys, submits it Reply in support of its Motion for Summary Judgment, and states as follows:

### I. INTRODUCTION

The summary judgment motion demonstrates that HCA did not violate the Telephone Consumer Protection Act ("TCPA"), did not place calls to Plaintiff's telephone using an automatic telephone dialing system ("ATDS"), and did not communicate with Plaintiff without his prior express consent. In response, Plaintiff resorts to adding new "facts" and allegations that mischaracterize the law, the relevant events, and/or the nature or use of HCA's telephone equipment. The Response to Defendant's Motion for Summary Judgment ("Opposition") provides no evidence that calls were made after revocation of consent, or that HCA used an ATDS, or that it left artificial messages without Plaintiff's consent. This Court should therefore enter judgment for HCA.

## II.   ARGUMENT

### A. Plaintiff Consented to Receive the Calls at Issue

Plaintiff's Complaint alleges that he never consented to the calls from HCA. (Pl.'s Compl. ¶ 19). HCA's statement of material facts ("SOMF") provided proof that Plaintiff executed a Notice (the "Notice"), establishing he provided prior express consent to be contacted through the means he now takes issue with. *See* Exhibit 1 to Defendant's SOMF. Defendant's Statement of Facts reads as follows:

> Plaintiff signed and executed on the option 1 line of the Notice, authorizing Northside Hospital, or any of its affiliates, agents, contractors, or business associates to contact him "by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems ... or by cell phone for reasons related to the services" he received or concerning payment for the services, "including but not limited to, debt collection purposes."
>
> Additionally, Plaintiff provided a second signature on the Notice, representing and warranting the following: "By signing below, I acknowledge and agree that I have read or had this form read to me and I understand and agree to its contents."

Plaintiff's Opposition includes a "Statement of Undisputed Facts," in which he agrees he signed the Notice authorizing the communications presently at issue. There is no dispute that Plaintiff gave express consent to communications from HCA with respect to the debt in question.

### B. Plaintiff Did Not Revoke his Consent to be Contacted

The TCPA requires—at a minimum—express and clear revocation of consent. *Brown v. Ocwen Loan Servicing LLC,* No., 2019 U.S. Dist. LEXIS 151236, at *15 (M.D. Fla. Sep. 5, 2019); *Welch v. Green Tree Servicing, LLC (In re Runyan)*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015). Plaintiff now adds new "facts" and arguments. In response, Plaintiff claims that he "sent Defendant a letter on January 30, 2017 disputing the debt and informing the Defendant to only contact him by mail." *See* Opposition, at pp. 5. He adds that he informed "the representative on the very first call to his cellphone that 'he did not want to receive phone calls on his cellphone and that he did

2

not owe a debt.'" *See* Opposition, at pp. 5-6. Plaintiff claims to have "revoked consent to be contacted on his cellphone [as early as] on February 7, 2017 [and] several more times on February 21st and July 11th 2017." *See* Opposition, at pp. 6.

Unfortunately for Plaintiff, his timeline does not work and his exhibits do not help his claims. It is not possible for Plaintiff to have communicated anything, much less a revocation as laid out in his Opposition, in February of 2017 directly to the Defendant because the account was not placed with HCA until July 10, 2017. *See* Exhibit 2 to Defendant's SOMF. Moreover, according to the exhaustive account notes produced by HCA, the first call placed to Plaintiff's 3733 number was not made until July 13, 2017—after placement of the account for collections. *Id*. There is no evidence to contradict when HCA obtained the account. There thus was no revocation of consent from Plaintiff to the Defendant before August 25, 2017.

On August 25, 2017, HCA processed Plaintiff's correspondence that communicated his intent to litigate. HCA interpreted the letter as Plaintiff's indication to no longer be contacted regarding the Debt. It then shutdown the account. There is no evidence that disputes this important fact.

Plaintiff seems to acknowledge he did not provide the Defendant with revocation of consent. He now appears to be claiming he revoked consent with the creditor. This is not alleged in his Complaint and he provided nothing with his Rule 26 disclosures or before the court ordered close of discovery to prove the claim (including what he now attaches). These two reasons alone are sufficient to reject his assertion and grant judgment for the Defendant.[1]

---

[1] Courts "must grant summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London*, 766 F. App'x 795, 802 (11th Cir. 2019) (quoting Celotex, 477 U.S. at 322).

3

1042458\310287912.v2

There thus is no TCPA violation based on the record presented in the Motion and Opposition. Moreover, the "evidence" is insufficient to create an issue of material fact.

Plaintiff's new "evidence" is a letter dated January 30, 2017. (Ex. D) It does not help his case for numerous reasons. First, it is addressed to "PO Box 3475 Toledo, OH 43607-0475 RE: Account# 63149-NFS." The hospital, Plaintiff, and services were all in Georgia. It is unclear why Plaintiff would send a letter to Ohio. Second, Plaintiff fails to establish that the address is used by Northside Hospital ("Hospital"), and the Defendant is unaware of the use of that mailing address. Third, based on communications with the Hospital, Defendant has no record of the Hospital receiving Plaintiff's letter. See *Wilmington Sav. Fund Soc'y v. Bus. Law Grp., P.A.*, 2017 U.S. Dist. LEXIS 231526, at *9 (M.D. Fla. Feb. 15, 2017) (agreeing that the accompanying statements about the documents have not been offered for the truth of its contents but to show the fact of the communications and their effect on Defendant as failing to give Defendant notice); *Nationstar Mortg., LLC v. Berdecia*, 169 So. 3d 209, 215-16 (Fla. Dist. Ct. App. 2015) (the successor business itself may establish trustworthiness by independently confirming the accuracy of the third-party's business records upon receipt) (citing *White Indus., Inc. v. Cessna Aircraft Co., 611 F. Supp. 1049, 1061 (W.D.Mo.1985*) (finding the "indicia of trustworthiness" apparent "where the reporting duty arises by way of a continuing business relationship between two independent business entities."); *Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1074 (Fla. Dist. Ct. App. 2015) (holding that [i]n the circumstances presented, as long as a business entity's records obtained from prior servicers establish trustworthiness—i.e., that the records are what they purport to be and were subject to the business' internal practices and procedures to ensure accuracy of the records—the records are cleared for admission and satisfy the business record exception to hearsay (citing *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 243 (Tex. App. Houston [1 Dist.] 2010) ("[A] document created

by one business may become the records of a second business if the second business 'determines the accuracy of the information generated by the first business.'" Fourth, Plaintiff references the wrong account number in his Exhibit D: Account# 63149-NFS, whereas the account on file with the Hospital is NF8 63149. Once more, Plaintiff's new assertions are vastly insufficient to constitute clear revocation and to create a genuine issue of material fact.

In the same way, Plaintiff's Opposition asserts that on separate occasions, February 7 and 21, he talked to a nurse at Northside telling her he did not consent to receive any calls. *See* Opposition, Plaintiff's Exhibit C. This claim also fails. First, the nurse is unidentified, leaving the Court and HCA no means of determining who she/he is. Second, calling a hospital nurse regarding his intake consent and a billing issue is illogical. Plaintiff's untimely assertion effectively requests that the Court accept he called at random, an unknown nurse in an unknown area of the Hospital to revoke the written consent he provided to the hospital. Third, any such communication in the least would have to be with the hospital administration and/or billing department, and it would have to be much clearer than "I told a random and unknown person to not call me."

Plaintiff fails to satisfy clear and express revocation. *Brown,* 2019 U.S. Dist. LEXIS 151236, at *15. Plaintiff failed to revoke consent prior to August 25, 2017, thus summary judgment should prevail in HCA's favor.[2]

---

[2] *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302 (S.D. Fla. 2016) (citing *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999) held that the Federal Rule of Civil Procedure 56(e) requires that documents supporting or opposing a motion for summary judgment "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." Even further, therefore, "[t]he general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Id*. Thus, the Defendant challenges the admission of Plaintiff's evidence, including his Exhibit C, bearing statements he made that cannot be reduced to otherwise admissible evidence within an acceptable hearsay exception or exemption pursuant to the Federal Rules of Evidence.

## C. **Plaintiff's Characterization of What Constitutes ATDS Equipment Is Misleading, Inaccurate, and Insufficient to Sustain the Claims**

Plaintiff seems to present two types of TCPA claims: (1) calls with an ATDS to a cellphone without consent, and (2) pre-recorded message to a cellphone without consent. As established above, there was consent and Plaintiff failed to clearly revoke it. Consequently both theories fail. Further, Plaintiff fails to meet his burden of proof that an ATDS was used.

### *1. Plaintiff's Arguments are Unsupported and Fail to Satisfy the Burden of Proof*

Plaintiff argues that HCA used an ATDS to contact him. *See* Opposition, at pp. 6-7. It is the plaintiff's burden to establish that a call was made using an ATDS. *Dotson v. Dish Network L.L.C.*, No. 2:19-CV-21, 2020 U.S. Dist. LEXIS 48783, at *8 (S.D. Ga. Mar. 19, 2020). Plaintiff's "Argument and Authority" includes no evidence and no precedent or persuasive law supporting the assertions that Defendant used an ATDS.

Plaintiff cites *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020), which on appeal restates the TCPA's prohibition from making calls without prior express consent of the called party, using any automatic telephone dialing system or an artificial or prerecorded voice message. 47 U.S.C. § 227(b)(1)(A). *See* Opposition, at pp. 4. Plaintiff ignores that the 11th Circuit Court of Appeals affirmed the district court's decision, finding that the Act does not cover phone systems requiring human intervention, thus not an auto-dialer. *Id*. at 1305. The Court of Appeals effectively upholds the resolution that "to prevail on [ ] TCPA claim[s], therefore, Plaintiff must show that Defendant called [his] cell phone using an ATDS." *Glasser v. Hilton Grand Vacations Co., LLC*, 341 F. Supp. 3d 1305, 1308 (M.D. Fla. 2018). In so doing, Plaintiff makes the case for both parties here that his claim is unfounded, unsupported, and must be dismissed. See

*Cross v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-cv-01047, 2022 U.S. Dist. LEXIS 10676, at *24-25 (W.D. Ark. Jan. 20, 2022) (considering Eleventh Circuit opinions and granting Defendant's motion to dismiss based on Plaintiff's failure to allege facts sufficient to state a plausible claim that Defendant used an ATDS); *Dotson*, 2020 U.S. Dist. LEXIS 48783, at *8 (citing *Musenge v. SmartWay of the Carolinas*, LLC, NO. 3:15-cv-153, 2018 U.S. Dist. LEXIS 158044, at *7 (W.D.N.C. Sept. 17, 2018) (underscoring the plaintiff's burden to allege the use of an ATDS by the defendant); see also *San Pedro-Salcedo v. Haagen-Dazs Shoppe Co.*, No. 5:17-cv-03504, 2019 U.S. Dist. LEXIS 208228, at *15 (N.D. Ca. Dec. 3, 2019) (finding that whether defendant used an ATDS was a significant part or essential element of the plaintiff's case, and she carries the ultimate burden of affirmatively proving the defendant used an ATDS).

   *2. Plaintiff's Interpretation of the Law is Unavailing*

The arguments Plaintiff does advance regarding the use of an ATDS do not establish any evidence proving that in this case HCA used an ATDS to contact him. Plaintiff merely argues that "[u]sing a predictive dialer is in direct violation of the TCPA," and citing to the FCC's Declaratory Ruling and Order that "a predictive dialer falls within the meaning of an auto-dialer." *See* Opposition, at pp. 6-7. Plaintiff places sole reliance on this language, now asserting anew that there is no distinction between the use of an automatic dialing system and a predictive dialer. Notwithstanding this position, the entire Complaint and now filed Opposition do nothing to address the established standard he is required to prove in order to prevail. On the other hand, HCA cited numerous cases, all of which Plaintiff fails to address, finding that the definition of an ATDS effectively requires the equipment at issue to generate random or sequential numbers to be dialed, and to dial them – which was not used here.

Plaintiff ignores the Supreme Court's ruling *in Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). The Supreme Court held that a necessary feature of an autodialer under § 227(a)(1)(A) is the use of a random or sequential number generator. *Id.* at 1173. Plaintiff does not prove that here. See also *Evans v. Ocwen Loan Servicing, LLC*, 2021 U.S. Dist. LEXIS 203427, at *9-11 (S.D. Fla. Oct. 21, 2021) (emphasizing *Facebook* and granting Defendants' Motion to Dismiss because the Supreme Court's wording "was intentional—not unintentional" that "in all cases [ ] the equipment in question must use a random or sequential number generator."); (Citing *McEwen v. Nat'l Rifle Ass'n of Am.*, 2021 U.S. Dist. LEXIS 72133, at *7 (D. Me. Apr. 14, 2021) ("After [*Facebook*], the [autodialer] portion of the claim requires an allegation that [defendant] used a random or sequential number generator to place a call to plaintiff's cellphone, not merely claim that its dialing system has that capability."); *Williams v. Schanck*, 2021 U.S. Dist. LEXIS 116218, at *4 (N.D. Ala. June 22, 2021) (holding that, "to state a claim for a violation of the TCPA, a plaintiff must set forth sufficient facts supporting that: (1) a call was made to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior consent of the called party.")

Though Plaintiff cites an FCC Order, it is not prevailing. The D.C. Circuit reviewed the FCC Order and held that "we set aside the Commission's explanation of which devices qualify as an ATDS." *ACA Int'l v. FCC*, 435 U.S. App. D.C. 1, 885 F.3d 687, 695 (2018). The Commission's interpretation results in capturing an overbroad category of devices that do not otherwise fit the true meaning of an autodialer under the Act. *Id*. at 704. Plaintiff is effectively requesting that this Court rule in favor of a position that has been deemed an "unreasonable, and impermissible, interpretation of the statute's reach." *Id*. at 697.

Here, the creditor placed the unpaid account with HCA for collections. HCA contacted him at the 3733 number he previously provided in the Notice. Based on such consent, Defendant placed a total of seven (7) separate calls to Plaintiff's phone number. These calls were not as a result of any random or sequential number generator, but instead as a result of specific, deliberate communication effectuated pursuant to his prior given consent. In addition, Plaintiff ignores Defendant's Exhibit 2 to the SOMF, which are account notes evidencing manual or in-person calling to his 3733 number. *Evans*, 2021 U.S. Dist. LEXIS 203427, at *12 (citing *Snow v. GE*, No. 5:18-CV-511-FL, 2019 U.S. Dist. LEXIS 99760, at *12 (E.D.N.C. June 14, 2019) (holding that where a plaintiff is "a targeted recipient" of calls, "it is not reasonable to infer that the [calls] were sent with equipment 'using a random or sequential number generator'").

The evidence is undisputed that: (1) Plaintiff has not and cannot make a plausible showing through any evidence that HCA used an ATDS; and (2) Plaintiff has not and cannot meet his burden because the undisputed facts show HCA did not dial his number using a random or sequential number generator.

    3. *Plaintiff's Definition of What Constitutes an Automatic Dialing System is Ill-informed and Misleading*

The Eleventh Circuit rulings applicable to this case support HCA's position that its conduct did not violate the TCPA. According to the FCC's Declaratory Rulings, which Plaintiff relies on, the "basic functions of an autodialer are to dial numbers without human intervention." 30 FCC Rcd 7961, 7974 (F.C.C. July 10, 2015). Defendant's brief in support of the Motion cites to an abundance of case law demonstrating that human intervention is not within the definition of an ATDS under the TCPA. (Dkt. #19 pp. 16-18). Moreover, to the extent it matters, HCA's records show such human intervention (i.e., manual call). Defendant is thus entitled to judgment as a matter of law.

D. **Plaintiff's Additions to the Summary Judgment Record Should Not Be Considered**

Local Rule 56.1(B)(2)(b) requires that Plaintiff include with his responsive brief "a statement of additional facts which the respondent contends are material and present a genuine issue for trial." Considering that such additional statements and exhibits seek to further undercut HCA's defenses and the previously established facts in this case, they necessitate Defendant's individual responses to the each enumerated proposed statement.

Plaintiff's additional statements fair no better in proving the unfounded claims. Instead, they are confusing assertions of whom Plaintiff believes he spoke to, and when such communications occurred. These are followed by his failure to indicate through any substantive evidence what his claims are based upon. They demonstrate that the allegations are wholly based on speculative information, lacking in reliability.

Defendant replies to Plaintiff's statement of additional facts as follows:

**1.** On January 30, 2017 Plaintiff sent a dispute letter to Northside informing them that he did not owe a debt. Further to send any information of the debt to him by mail only. The Defendant did not respond, however decided to start calling my cellphone. (Franklin Dec ¶ 4) (Exhibit D)

**Reply:** Defendant denies the allegations contained in this paragraph. Based upon Plaintiff's Complaint, the Defendant in this case is Hollis Cobb Associates, Inc., not Northside Hospital. Because the account at issue was placed with HCA on July 10, 2017, it entirely impossible for HCA to have responded to a letter it never received or responded prior to placement of the account by the creditor. Likewise, Defendant has no record of the Hospital receiving Plaintiff's Exhibit D: dispute letter, which itself references the wrong account number, and an Ohio address the Defendant is unaware of for purposes of properly identifying Plaintiff's account.

**2.** On February 7, and February 21, and July 11th of 2017, Plaintiff informed the representative that they did not have permission to contact him on cellphone and further that he did not owe a debt. (Franklin Dec ¶ 5) (Exhibit C, Call Log)

**Reply:** Defendant denies the allegations contained in this paragraph. The Notice established consent to call him. Further, based upon Plaintiff's Exhibit C, calls on February 7 and 21 were had with an unidentified "nurse at Northside." Plaintiff has provided zero evidence of who the nurse was or about her involvement, if any, with the proper accounts or billing department of the Hospital. Plaintiff's Opposition simply mentions an unverified log and alleged calls to an unknown nurse in an unknown section of the Hospital. This cannot satisfy the requirements of clear revocation. *Brown*, 2019 U.S. Dist. LEXIS 151236, at *15; *In re Runyan*, 530 B.R. 801, 807 (M.D. Fla. 2015). Furthermore, Plaintiff's account was placed with HCA on July 10, 2017, and the first phone communication made to his 3733 number occurred July 13, 2017. *See* Exhibit 2 to Defendant's SOMF. Consequently, it is entirely impracticable for HCA to have also received any correspondence directly from Plaintiff or effected any communication to him prior to that first call.

**3.** Defendant called Plaintiff using an automated greeting over 11 times to his personal cellphone. (Franklin Dec ¶ 16) (Exhibit C, Call Log)

**Reply:** Defendant denies the allegations contained in this paragraph. Defendant's conduct did not violate the TCPA because Plaintiff provided prior express authorization to be contacted at the 3733 number he provided, by use of any automatic dialing system, by pre-recorded forms of voice/messaging systems, by electronic mail, by telephone, or by cell phone for reasons related to the services he received at Northside Hospital. According to Plaintiff's own timeline and additional facts, he did not and could not have revoked his given consent to HCA before the account was ever placed with Defendant, before Defendant's initial communication on July 13, 2017, and if the creditor, per Defendant's records, never received notice of his revocation. Notwithstanding, HCA adds that as evidenced by Defendant's Exhibit 2, its representative

contacted Plaintiff on seven separate occasions, during one of which Plaintiff hung up when asked about the balance on the account.

In addition, Plaintiff's Exhibit C, Call Log in Opposition of summary judgment must not be considered by the Court as anything other than a mere personal recitation and scribble of what Plaintiff wants believed as true and accurate testament of communications he purportedly had with HCA over four (4) years ago. It is extremely troubling that Plaintiff presents this log which he clearly handcrafted, in an attempt to sway the Court's decision based on the unverified information. Defendant and the Court have no way of determining when this self-made log was drafted, whether it was prepared in 2017 at a time close to the alleged events, or as recently as 2021-2022, over four years after the occurrence of the purported communications. Plaintiff's failure to provide a comprehensive call log from his telephone carrier—something he could have easily obtained—only reaffirms issues of credibility and reliability with each and every allegation he advances in this case.

As a further matter, the statements Plaintiff's log alleges to have been made by him during the supposed calls to the Defendant would constitute inadmissible hearsay not curable by a feasible exception or exemption to the Rules of Evidence. See *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302 (S.D. Fla. 2016) (Citing *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999) (Stating that the Federal Rule of Civil Procedure 56(e) requires that documents that support or oppose a motion for summary judgment "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence." Therefore, "[t]he general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Id*. Plaintiff's unauthenticated Exhibit C, bearing statements he purportedly made, cannot be reduced to

otherwise admissible evidence. For these above reasons the Court should not consider the log and should find in favor of HCA.

**4.** In 2017, Defendant advertised and boasts about using a completely automated collection system to collect debts. It further, labeled it system as a predictive dialer which is a direct violation of the TCPA. (Exhibit E)

**Reply:** Plaintiff's bare allegation that HCA uses an automated collection system or predictive dialer, alone, does not itself support the claims he seeks to prove. Plaintiff must do more than simply offer the Court empty contentions of what he believes to be fact. Further, use of a predictive dialer does not violate the TCPA. Under the Supreme Court's interpretation in *Facebook, Inc.*, 141 S. Ct. 1163 (2021), the facts must suggest that HCA's system is capable of randomly or sequentially generating numbers, including Plaintiff's. To the contrary, Defendant would have no need for, neither did it cause Plaintiff's number to be generated at random. Notwithstanding Plaintiff's Exhibit E, he does not dispute that he directly provided his number nor does he dispute that he authorized the specific calls to be made. Here, the calls were intentionally placed by HCA's representative in an effort to collect the outstanding obligation.

Plaintiff's additional facts fall short of satisfying the evidence he is required to deliver in order to sustain his opposition to summary judgment. His new claims cast an even wider shadow of doubt concerning the truth of and basis for his allegations. Therefore, the Court should not consider any additional facts or exhibits that Plaintiff improperly seeks to add to the summary judgment record.

### III.   CONCLUSION

Plaintiff's Opposition does not provide or articulate any basis for a denial of HCA's Motion For Summary Judgment. It is devoid of law and facts to support Plaintiff's Complaint. The Opposition is riddled with outright incorrect, insufficient, and incomplete statements of law and/or fact. The undisputed record demonstrates that each and every call by HCA placed to Plaintiff

during the relevant time period were pursuant to his express consent, and were placed not by the use of an ATDS. Accordingly, HCA is entitled to summary judgment.

WHEREFORE, Defendant, HOLLIS COBB ASSOCIATES, INC., respectfully requests that the Court enter judgment for it and against the Plaintiff, and for any other further relief this Court deems just and proper.

        Respectfully submitted,

        HOLLIS COBB ASSOCIATES, INC.,
        Defendant


        By: Its Attorneys

        /s/ *Paul Buschmann*
        Paul Buschmann, Esq.
        GA Bar No. 098430
        HINSHAW & CULBERTSON LLP
        One East Broward Blvd., Suite 1010
        Ft. Lauderdale, FL 33301
        Phone: 954-375-1134
        Facsimile: 954-467-1024
        e-mail: pbuschmann@hinshawlaw.com

Dated: March 25, 2022

## CERTIFICATE OF SERVICE

I, Paul Buschmann, hereby certify that on this 25th day of March, 2022, I electronically filed the foregoing, **DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Paul Buschmann*
Paul Buschmann
