IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN,<br><br>　　Plaintiff,<br><br>　　　　　　v.<br><br>HOLLIS COBB ASSOCIATES, INC., d/b/a Patient Accounts Bureau,<br><br>　　Defendant. | Civil Action No.<br>1:21-cv-02075-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Hollis Cobb Associates, Inc.'s (HCA) motion for summary judgment [ECF 19], as well as HCA's motion for an extension of time to reply to Plaintiff Ricky R. Franklin's opposition brief [ECF 22], and for leave to file supplemental materials in support of summary judgment [ECF 24]. After careful consideration of the parties' briefing, HCA's motion for an extension of time to reply is **GRANTED**; its motion for leave to file supplemental materials is **DENIED**; and its motion for summary judgment is **DENIED**.

**I.   Background**

The following facts are undisputed by the parties except where noted. On September 21, 2016, Franklin executed a financial acknowledgment form (the Notice) relating to medical services he received at Northside Family Practice

and Hospital (the Creditor).[1] Franklin provided the Creditor his name and telephone number ending in "3733" (the 3733 Number).[2] The Notice authorized the Creditor and its affiliates to contact Franklin "by the use of any automatic dialing system, by pre-recorded forms of voice/messaging systems, . . . or by cell phone for reasons related to the services" he received, or concerning payment for those services.[3]

Franklin claims he sent a letter to the Creditor on January 30, 2017, instructing it to contact him via mail only.[4] He also insists that, on February 7 and February 21, he called the Creditor and revoked his authorization to be contacted by phone.[5] HCA disputes whether Franklin sent the letter or made the two phone calls.

Sometime in July 2017, the Creditor placed Franklin's account for collection with HCA.[6] On July 13, HCA called the 3733 Number regarding Franklin's alleged

---

[1]   ECF 21, at 10.

[2]   *Id.* at 11.

[3]   *Id.* at 12.

[4]   *Id.* at 20.

[5]   *Id.*

[6]   *Id.* at 13.

outstanding debt to the Creditor.[7] Between July 13 and August 24, HCA called Franklin, but the parties dispute the number of times.[8] The parties also dispute whether HCA used an artificial voice or prerecorded message when it made these calls.[9]

On August 25, 2017, Franklin, who is no stranger to the Telephone Consumer Protection Act (TCPA),[10] sent HCA a demand letter threatening to sue it for alleged violations of the TCPA.[11] The next day, HCA placed Franklin's account in "shut down"—presumably, this meant that it would stop calling the 3733 Number.[12]

On May 14, 2021, Franklin filed the Complaint in this case.[13] Discovery closed on January 6, 2022,[14] and on February 7, HCA moved for summary

---

[7] *Id.* at 21.

[8] *Id.* at 13.

[9] *Id.* at 15; ECF 19-1, at 4.

[10] *See, e.g.*, *Franklin v. Express Text, LLC*, 727 F. App'x 853 (7th Cir. 2018); *Franklin v. Navient, Inc.*, 534 F. Supp. 3d 341 (D. Del. 2021); *Franklin v. Cenlar FSB*, No. 1:20-cv-01410, 2020 U.S. Dist. LEXIS 254264 (N.D. Ga. Dec. 7, 2020).

[11] ECF 19-1, at 20.

[12] ECF 21, at 15–16.

[13] ECF 1.

[14] ECF 13.

judgment.[15] Franklin responded on February 24.[16] On March 11, HCA moved for an extension of time to file a reply brief, which it then filed on March 25.[17] On April 13, HCA moved for leave to file supplemental materials in support of its summary judgment motion and unauthorized reply.[18]

## II.     Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant meets its burden, the party opposing summary

---

[15]   ECF 19.

[16]   ECF 21.

[17]   ECF 22; ECF 23.

[18]   ECF 24.

judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the Court in evaluating summary judgment. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

### III.   Discussion

Franklin alleges that HCA violated the TCPA by repeatedly calling him without his permission or an emergency purpose, using an automatic dialer or an artificial or prerecorded voice.[19]

Section 227 of the TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded

---

[19]   ECF 1, at 1–2.

> voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service.

47 U.S.C. § 227(b)(1).

In other words, a plaintiff alleging a violation of the TCPA must establish that a defendant (1) called a cellular phone, (2) using an automated telephone dialing system, prerecorded message, or artificial voice, (3) without the recipient's prior consent. *See Coleman v. Rite Aid of Ga., Inc.*, 284 F. Supp. 3d. 1343, 1345–46 (N.D. Ga. 2018) (citing *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d. 1251, 1253 (M.D. Fla. 2012)). Notably, even when consumers consent to contact that would otherwise violate the TCPA, they can later revoke consent by giving the caller "reason to know that [they are] no longer willing for him to continue the particular conduct" of calling them. *Osorio v. State Farm Bank, FSB*, 746 F.3d 1242, 1253 (11th Cir. 2014) (quoting Restatement (Second) of Torts § 892A cmt. i (Am. L. Inst. 1979)).

Although the parties dispute the number of calls made by HCA and their dates, they agree that HCA placed at least some calls to Franklin's cell phone between July 13 and August 24, 2017.[20] Further, HCA concedes that none of its

---

[20]  ECF 21, at 21, 26.

calls were for "emergency purposes" as defined in the TCPA.[21] Accordingly, the Court must determine if a genuine dispute of material fact exists as to whether HCA's calls used an automated telephone dialing system (ATDS) or prerecorded message without Franklin's prior consent.

HCA first argues that it did not call Franklin using an ATDS because its dialing system does not randomly or sequentially generate numbers and then dial them.[22] As such, HCA avers, its system cannot be an ATDS as a matter of law.[23] Franklin responds that HCA uses a "predictive dialer," which falls within the FCC's interpretation of an ATDS for purposes of the TCPA.[24]

In a 2015 Declaratory Ruling and Order, the FCC stated that predictive dialers satisfy the TCPA's definition of an ATDS. 30 FCC Rcd. 7961, 7972. But, in 2018, the D.C. Circuit abrogated that portion of the FCC Order. *See ACA Int'l v. FCC*, 885 F.3d 687, 703 (D.C. Cir. 2018). Subsequently, the Supreme Court held in *Facebook, Inc. v. Duguid* that "[t]o qualify as an [ATDS], a device must have the capacity (1) either to store a telephone number using a random or sequential

---

[21] ECF 13, at 8.

[22] ECF 19-2, at 15.

[23] *Id.*

[24] ECF 21, at 7.

generator," and (2) "to dial such numbers." 141 S. Ct. 1163, 1167 (2021); *see Franklin v. Ga. Power Co.*, No. 1:19-cv-3853-MLB, 2022 U.S. Dist. LEXIS 95593, at *2 (N.D. Ga. Mar. 29, 2022) (citing *Facebook*, 141 S. Ct. at 1167) (employing this two-part ATDS requirement and finding the dialing system at issue was not an ATDS).

Predictive dialers, without more, do not meet these criteria and, therefore, are not ATDSs. Accordingly, even if HCA's calling system were a predictive dialer, Franklin could not evade summary judgment on this ground. But that is not Franklin's only contention.

As a separate basis for TCPA liability, Franklin alleges that HCA called him 11 times using a prerecorded message.[25] Indeed, *Facebook*—the same case HCA relies on to show that predictive dialers are not ATDSs—makes clear that "[t]he [TCPA] separately prohibits calls using 'an artificial or prerecorded voice.'" 141 S. Ct. at 1173.

Franklin's sworn declaration states that HCA called him 11 times with the "same identical, automated message."[26] HCA has produced no evidence to the contrary. Thus, HCA has failed to show an absence of a genuine dispute as to this material fact. *See Franklin v. Citimortgage, Inc.*, No. 1:15-CV-4396-LMM-WEJ, 2016

---

[25] *Id.* at 4–5.

[26] *Id.* at 23.

WL 11577288, at *21 (Sept. 8, 2016) (recommending denial of the defendant's summary judgment motion because the "[p]laintiff's declaration asserts that [the defendant] contacted his cellular telephone six times with automated messages," and the defendant presented no contrary evidence), *report and recommendation adopted*, 2016 WL 11577214 (N.D. Ga. Oct. 12, 2016).

The parties agree that Franklin consented to receive calls from the Creditor and its affiliates when he executed the Notice.[27] Franklin insists that he later revoked his consent to the Creditor on three different occasions in 2017: once via a January 30 letter, and twice via phone calls on February 7 and February 21.[28] HCA challenges these revocations for the first time in its reply brief.[29] Even though the Court herein grants HCA's motion for an extension of time to file its reply, "a court should not consider arguments raised for the first time in a reply brief." *Reliance Ins. Co. of Ill. v. Richfield Hosp. Servs., Inc.*, 92 F. Supp. 2d 1329, 1332 (N.D. Ga. 2000). HCA was unquestionably on notice of Franklin's alleged written and oral efforts to withdraw any consent when it filed its summary judgment

---

[27] *Id.* at 13.

[28] ECF 21, at 20.

[29] ECF 23, at 2.

motion because those attempts were described in Franklin's initial disclosures.[30] Thus, HCA's arguments raised for the first time in its reply brief are waived. Moreover, over two months after filing its summary judgment motion HCA moved for leave to file supplemental materials,[31] appending a declaration that puts forth entirely new evidence for challenging Franklin's alleged revocations to the Creditor.[32] HCA does not establish good cause for having failed to submit this evidence in conjunction with its original motion for summary judgment, and in any event, the proffered evidence seeks to support the argument HCA waived. For these reasons, the Court denies HCA's motion for leave to file supplemental materials.

The Court analyzes HCA's summary judgment motion for any arguments or evidence addressing Franklin's purported revocations to the Creditor, namely, his January 30, 2017, letter and his February 7 and 21 phone calls.[33] As stated by the FCC and this Circuit, "consumers may revoke consent in any manner that clearly expresses a desire not to receive further messages," 30 FCC Rcd. 7961, 7996,

---

[30]  ECF 17, at 3–4.

[31]  ECF 24.

[32]  ECF 24-1, at 4.

[33]  ECF 21, at 20.

whether orally or in writing. *Osorio*, 746 F.3d at 1255. Because there exists, at best, a disputed issue of material fact as to whether Franklin revoked his consent, HCA cannot meet its burden at summary judgment.

## IV. Conclusion

HCA's motion for an extension of time to file its reply brief [ECF 22] is **GRANTED**, its motion for leave to file supplemental materials [ECF 24] is **DENIED**, and its motion for summary judgment [ECF 19] is **DENIED**.

The parties are **ORDERED** to file a joint proposed Pretrial Order consistent with the Federal Rules of Civil Procedure and Local Rules of this Court within 30 days of entry of this Order.

**SO ORDERED** this 29th day of September, 2022.

Steven D. Grimberg
United States District Court Judge